IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32355-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN JUAREZ, JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Martin Juarez, Jr., challenges his conviction for second degree escape resulting from a mistaken release from the Grant County Jail. We conclude that the evidence did support the jury's verdict and affirm the conviction.

FACTS

Mr. Juarez was arrested November 11, 2010, and booked into the Grant County Jail. A corrections officer later explained to the jury that anyone arrested in Grant County "on any charges or warrant" would be booked into the jail. Report of Proceedings at 63. On November 13, 2010, the family of inmate Martin Juarez Rivera posted bail for his release. Corrections Officer Kisler asked over an intercom for inmate "Juarez" to prepare "his stuff for release." Mr. Juarez responded to the intercom call and collected the clothing of Mr. Juarez Rivera. Corrections Officer Knutson asked, "Juarez Rivera?" Mr. Juarez answered, "Yes."

Mr. Juarez signed a receipt for the property and walked out of the building. Mr.

Juarez Rivera, apparently not having heard the intercom, was still in his cell with his

family awaiting. The mistake was soon discovered, but Mr. Juarez was not apprehended

for some time.

A charge of first degree escape was filed for the incident in January, 2013, but

eventually was amended to a charge of second degree escape. The matter proceeded to

jury trial. The jury convicted Mr. Juarez as charged. After the court imposed a standard

range sentence, he timely appealed to this court.

## ANALYSIS

The sole issue presented by this appeal is a technical question concerning the

nature of the proof required. Did the State need to prove why Mr. Juarez was in jail in

order to establish he was guilty of second degree escape? We conclude that the statute

requires no such proof and, thus, the evidence is sufficient to support the conviction.

In a typical sufficiency of evidence case, the standards of review are clearly

settled. We review sufficiency challenges to see if there was evidence from which the

trier of fact could find each element of the offense proven beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v.

Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). We must consider the evidence in a

light most favorable to the prosecution. *Id.*

2

Here, however, the evidence is not in question. Instead, the issue presented focuses on what needed to be proved rather than what was actually established. This more accurately can be described as an issue of law than as a question of fact.

The jury was instructed that to find Mr. Juarez committed second degree escape, it needed to find that he "escaped from a detention facility." Clerk's Papers (CP) at 21; *see* RCW 9A.76.120(1)(a). In turn, "detention facility" was defined for the jury as "any place used for the confinement of a person arrested for, charged with, or convicted of an offense, or otherwise confined pursuant to an order of a court." CP at 22; *see* RCW 9A.76.010(3)(a), (d).

Mr. Juarez focuses on the definition of "detention facility" and, more critically, the description of that definition found in *State v. Hendrix*, 109 Wn. App. 508, 35 P.3d 1189 (2001). There the court noted that "detention facility" encompasses both place and person elements. It is a place used for confinement of certain individuals—those arrested or charged with an offense or awaiting juvenile adjudication, those held for extradition or as material witnesses, those confined by order of a court, and those in a furlough or work release facility or program. *Id.* at 512-13 (citing former RCW 9A.76.010(2)).[1] Because the State had failed to prove that Mr. Hendrix had been arrested, charged, or convicted of

---

[1] This definition is now codified at RCW 9A.76.010(3) without substantive change since the time of *Hendrix*.

3

an offense, the evidence did not support the "person" component of the detention facility element. *Id.* at 513.

Mr. Juarez makes a similar, although slightly expanded, argument here, contending that the State needed to prove the specific offense for which Mr. Juarez had been arrested. That argument goes too far. The definitional statute, by its terms, applies to person "arrested for . . . an offense." The word "offense" modifies the word "arrested," explaining the reason why the person was arrested. It does not create a class of offenses to which the escape statute reaches. Neither does it mandate that there be proof of a specific offense in order to establish that the arrestee was in a "detention facility."

Here, corrections officers testified that Mr. Juarez had been arrested and that the Grant County Jail was the facility in which people arrested for crimes or on warrants were housed. The jury was similarly instructed that a "detention facility" was a place where people arrested for "an offense" or confined "pursuant to an order of a court" were housed. CP at 22. Given this testimony and instruction, the jury was permitted to infer that Mr. Juarez had been arrested for a crime[2] or due to a court order. That was sufficient to support the "detention facility" element of the second degree escape charge.

---

[2] It is unlikely that most defendants would want the jury to know the specific charge for which they were in custody for fear that their defense to the escape charge might be prejudiced by the underlying allegation. ER 403.

4

No. 32355-2-III
*State v. Juarez*

The evidence was sufficient to support the second degree escape conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Lawrence-Berrey, J.

5